UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD J. JACKSON, JR.,

    Appellant,

v.

WELLS FARGO BANK, N.A., as
Indenture Trustee for the IMPAC
CMB Trust Series 2005-3,

    Appellee.

_____/

Case No. 2:22-cv-10937
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION ON
APPELLEE'S MOTION TO DISMISS (ECF No. 16)
AND APPELLANT'S MOTION TO STAY (ECF No. 4)**[1]

### I.   Introduction

This is a bankruptcy appeal. Appellant Harold J. Jackson, Jr., (Jackson), proceeding *pro se*, appeals an order from the Bankruptcy Court granting relief from the automatic stay to Appellee Wells Fargo Bank, N.A., as Indenture Trustee for the IMPAC CMB Trust Series 2005-3[2] (Wells Fargo) regarding real property located at 16781 Huntington Road, Detroit, Michigan 48219-4007 (the Property).

---

[1] Upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).
[2] This is the corrected version of Appellee's title. *See* ECF No. 16, PageID.160.

1

*See* ECF No. 1.  Before the Court is Jackson's motion to stay pending resolution of the appeal, (ECF No. 4), and Wells Fargo's motion to dismiss on the grounds that the appeal is moot due to the dismissal of Jackson's bankruptcy case, (ECF No. 16).  Both motions have been referred to the undersigned.  *See* ECF Nos. 6, 20.

For the reasons that follow, the undersigned RECOMMENDS that Wells Fargo's motion to dismiss be GRANTED and Jackson's motion to stay be DENIED AS MOOT.

## II.   Background

On February 3, 2005, non-party Ernest P. Cornelius (Cornelius) accepted a loan in the original principal amount of $123,800.00 (the Loan).  The Loan was secured by a Mortgage on the Property.  (ECF No. 16-3).  The Mortgage was later assigned to Wells Fargo.  (ECF No. 16-4).

On March 17, 2016, the Mortgage was foreclosed, and the Property was sold at Sheriff's Sale.  (ECF No. 15-1).  Wells Fargo purchased the Property at the Sheriff's Sale.  (*Id.*).  After Cornelius failed to redeem the Property, title vested in Wells Fargo.

On November 18, 2021, Wells Fargo filed a Complaint in the 36th District Court to recover possession of the Property from Jackson and other occupants of the Property, alleging that the occupants "are wrongfully holding over after

expiration of the redemption period following a foreclosure sale." (ECF No. 13-2, PageID.63).

The state court scheduled an eviction hearing on December 20, 2021. (ECF No. 13-3). Three days before the hearing, on December 17, 2021, Jackson filed a Chapter 7 bankruptcy petition, including his alleged interest in the Property as one of his assets, which would be covered by the automatic stay. (ECF No. 13-4).

On March 24, 2022, Wells Fargo filed a motion in the Bankruptcy Court for relief from the automatic stay, arguing that it is the only party with any interest in the Property and Jackson's possessory interest is insufficient to make the Property part of the bankruptcy estate. (ECF No. 13-5). After a hearing on April 20, 2022, the Bankruptcy Court granted Wells Fargo's motion for relief from the automatic stay. (ECF No. 13-6). Wells Fargo then returned to state court and on April 28, 2022, filed a motion to reopen the eviction proceedings against Jackson. (ECF No. 13-7).

On that same day, Jackson filed the instant appeal. (ECF No. 1). On May 13, 2022, Jackson file a motion seeking a stay pending this appeal. (ECF No.

4). Wells Fargo responded to the motion to stay, essentially contending that a stay is not warranted because Jackson does not have a valid interest in the Property. (ECF No. 15).³

On June 16, 2022, the Bankruptcy Court entered an order closing Jackson's case due to his failure to file necessary documents with the court. (ECF No. 16-1, PageID.181).

### III. Analysis

Wells Fargo contends that the dismissal of Jackson's bankruptcy case renders this appeal moot. In response, Jackson says he agrees that the appeal is moot and that he will file a motion to voluntarily dismiss the appeal. (ECF No. 18, PageID.216). However, to date, Jackson has not filed such a motion. Thus, it is appropriate to consider Wells Fargo's motion to dismiss.

Under Article III of the Constitution, federal courts are limited to considering only "actual, ongoing controversies." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 557 (6th Cir. 2021). "If the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome, then the case is moot and the court has no jurisdiction." *Id*. at 558. In other words, if the

---

³ Another tenant of the Property, Doshia Marie Banks (Banks), filed a similar bankruptcy appeal regarding an order granting relief from the automatic stay as to the Property for Wells Fargo; this matter was dismissed on April 6, 2022, because Banks's underlying bankruptcy case had been dismissed, like Jackson's, causing the appeal to become moot. (ECF No. 16-2).

"relief requested" would not have a "real impact on the legal interests of the parties," the case is moot. *Id*. These principles hold true in the context of bankruptcy appeals, as "a bankruptcy appeal, like any other appeal, becomes moot if the appellate court is unable to grant effective relief because of events during the appeal." *Conway v. Nusbaum*, 109 F. App'x 42, 43 (6th Cir. 2004).

Here, Jackson's underlying bankruptcy case was dismissed while this appeal was pending. *See* ECF No. 16-1. Jackson does not argue that the dismissal was error. And with that dismissal, the automatic stay imposed by the bankruptcy proceedings is no longer in effect. *See* 11 U.S.C. § 362(c)(2)(B); *In re Dougherty*, No. 11-33926-DOF, 2019 WL 2529362, at *4 (Bankr. E.D. Mich. June 17, 2019) ("The 'dismissal of a bankruptcy petition has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay[.]' ") (quoting *In re Steestra*, 307 B.R. 732, 738 (B.A.P. 1st Cir. 2004)); *see also In re Garnett*, 303 B.R. 274, 278 (Bankr. S.D.N.Y. 2003).

Without any stay for this Court to reimpose, there is nothing the Court could do that would have a "real impact" on the legal interests of the parties. Even if the Court were to agree with Jackson on appeal, there is no active bankruptcy case in which this Court could impose a stay against Wells Fargo. *See In re Sinta*, No. 13-10151, 2013 WL 1946185, at *2 (E.D. Mich. May 9, 2013) ("Even if the bankruptcy court did err in lifting the automatic stay, there is no longer an active

5

bankruptcy case in which this court can impose a stay."). Thus, the appeal should be dismissed.

IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Wells Fargo's motion to dismiss, (ECF No. 16), be GRANTED and Jackson's motion for stay, (ECF No. 4), be DENIED AS MOOT.


Dated: September 6, 2022                                        s/Kimberly G. Altman
Detroit, Michigan                                                      KIMBERLY G. ALTMAN
                                                                                United States Magistrate Judge


**<u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2022.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager
